IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARRINGTON MORTGAGES SERVICERS, LLC, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | Civil Action No. 16-9586 (JBS/JS) |
| v. | |
| MARIA LOURDES FERNANDEZ, et al. | **MEMORANDUM OPINION** |
| Defendants. | |

**SIMANDLE, Chief Judge:**

This matter comes before the Court by way of Plaintiff Carrington Mortgage Servicers, LLC's unopposed motion to remand this action to the Superior Court of New Jersey, Chancery Division. [Docket Item 4.] For the reasons that follow, the Court finds that it lacks subject matter jurisdiction over the parties' dispute and grants Plaintiff's motion to remand.

1. Plaintiff Carrington Mortgage Servicers, LLC ("Carrington") filed a foreclosure action in the Superior Court of New Jersey, Chancery Division, Atlantic County on August 5, 2016, alleging that Defendants Maria Lourdes Fernandez and Samuel Tomas Dipini had defaulted on their obligations under a Note and Mortgage executed with Bank of America, N.A. and presently held by Carrington. On December 28, 2016, pro se Defendants removed this action to this federal Court, asserting

diversity of citizenship jurisdiction under 28 U.S.C. § 1332. [Docket Item 1.] Plaintiff's unopposed motion to remand followed. [Docket Item 4.] In this pending motion, Plaintiff argues that the Court lacks subject matter jurisdiction over this action, because its Complaint sounds exclusively under state law and because Defendants improperly removed the action under 28 U.S.C. § 1441(b).

2. Where this Court's jurisdiction on removal is challenged, the burden is upon Defendants, as the removing parties, to demonstrate that subject matter jurisdiction exists as claimed. In re Nat. Football League Players Concussion Injury Litig., 775 F.3d 570, 574 (3d Cir. 2014). The federal removal statute, 28 U.S.C. § 1441, "is strictly construed, requiring remand if any doubt exists over whether removal was proper." Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA, 779 F.3d 214, 218 (3d Cir. 2015).

3. Federal courts are courts of limited jurisdiction, and they must have the power to hear a case. In re Morrissey, 717 F.2d 100, 102 (3d Cir. 1983). Federal courts have the power to hear only two types of cases: cases over "issues arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and disputes between citizens of different states, 28 U.S.C. § 1332. It is well-settled that a defendant may remove a case from state to federal court if the state-court

action "could have been filed in federal court" in the first place. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); 28 U.S.C. § 1441(a). Where removal is based on diversity of citizenship, Section 1441(b) imposes an additional condition: "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought." In other words, Section 1441 allows a defendant to move a state case into federal court if, and only if, the state case presents a federal question or the parties are citizens of diverse states, and the defendant is not a citizen of the forum state.

    4.   In this foreclosure case, it is clear that there is no federal question over which this Court can have jurisdiction. Carrington's suit raises only state law claims against Defendants, and it is well-settled that "federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392.

    5.   Similarly, it is apparent that Section 1441(b) prohibits Defendants from removing this case to federal court. Although Plaintiff and Defendants are citizens of diverse states [see Civil Cover Sheet, Docket Item 1-2], Defendants are citizens of New Jersey, and cannot remove their case to this

3

federal Court in the District of New Jersey. In the absence of any basis for subject matter jurisdiction, this case must be remanded back to the Superior Court.

    6.   An accompanying Order will be entered.

|  |  |
|---|---|
| **February 22, 2017** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE |
|  | Chief U.S. District Judge |